Caruthers, J.,
delivered the opinion of the court.
Bobert Bowen, a citizen of Mississippi, was indebted to the complainants, as they allege in their respective *60 bills, and a legacy was left to him by the will of Christopher Strong, as stated, and the only controversy-in these cases which have been consolidated, is, who is entitled to priority of satisfaction as the fund is not suf-eient to pay all?
All the bills, except that of Lox, were filed before the qualification of the executors, and the probate of the will, viz: on the 26th November, 1850. The bill of Lox was filed on the 3d of December, 1850, which was one day after the probate and qualification.
Attachments and injunctions issued in each case, on the day the bills were filed respectively. On 25th of December, 1850, amended bills were filed by the complainants, who sued on the 26th November, alleging probate and qualification, and claiming the benefit of their previous attachment of the legacy.
The chancellor gave priority of satisfaction to all the other complainants over Lox, because their bills and attachments were anterior to his in point of time. This is certainly correct, unless the objection taken to the attachments of the 26th November, that they were prematurely issued, and therefore invalid, at least, as to Lox, be maintainable as matter of law.
The whole case resolves itself into this single question: can a suit be brought against the persons named in a will as executors before their qualification, 'or, even the probate of the will, to attach a legacy therein given? It seems to us that the bare statement of the question suggests the only answer- — -that it cannot be done.
The persons nominated in the will are not. per se executors; they may renounce, and never become such. The right of a .legatee under a will, is not certain and *61 fixed tuitil tbe probate, for that may never occur* as it may be contested and overthrown.
To allow this kind of proceeding would be to sanetion something like a game • of hazai’d and address, under the solemn forms of law. It would tend to encourage indecent haste to get at' a man’s effects before the grave has closed over his remains.
In the will, five persons are nominated as executors, against all of whom the two first bills are filed, and attachments issued. Three of them only qualified, who are made defendants in the bill of Box. It might have happened that none of them would accept, and administration, with the will annexed, might have been granted to others. The first bills under the liberal practice now established, may have been amended as they were, and the proper parties made; but could that be done so as to affect the intermediate rights acquired by others?
This is a proceeding in the nature of a garnishment, and can only create a lien upon the funds of the debtor, then in the hands of the defendants. Robert Bowen, the debtor, was a residuary legatee with others, of an unascertained fund, to be produced by the sale of property. The executors, in their answer, suppose it may be near one thousand dollars. They submit themselves to the corn’t in all the cases, and ask that they be' protected by the settlement of the rights of the parties, as to ■ the priority of right to the amount that may turn out after the settlement of the estate, to belong to the said Robert, the common debtor.
The doctrine of relation to the death of the testator, as to the title of the executors to the property of the deceased, when appointed, and as to the right *62 of the legatee to his legacy, which is only inchoate before the assent of a qualified executor, can have no effect upon this question. That is necessary and proper as to the executor for the protection of the property, and as to the legatee in questions of inheritance, &c. These cases do not make it necessary to go into those questions.
Here at the time of the filing of the two first bills, and the issuance of the attachments upon them, against the defendants, there was nothing in their hands, either certain or contingent, due or not due, in money or property, to which the debtor had any right: and such is their answer to the bills.
There would be a great inconsistency in the laws, which forbid an executor, under heavy penalties, to enter upon the administration of an estate until letters testamentary are obtained, as is done by the act of 1715, ch. 48, sec. 4, and yet allow the estate of the deceased to be attached in their hands, by others before that time.
No objection is made by the executors or debtor to the liability of this fund to attachment, and consequently, if any exists, upon which no opinion is now necessary, or intended to be intimated, it need not now be considered.
As between the different creditors before us, we have no hesitation in deciding that Lox, whose bill was filed since the issuance of letters testamentary to the executors is entitled to priority of satisfaction over the others who sued before that time.
Decree accordingly, and remand the cause.